**CAREFREE TRADING, INC. (doing business as CFT, Inc.), Plaintiff–Appellant,**

v.

**LIFE CORPORATION, Defendant–Appellee.**

No. 00–1274.

United States Court of Appeals, Federal Circuit.

Aug. 16, 2001.

Before SCHALL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and DYK, Circuit Judge.

## DECISION

SCHALL, Circuit Judge.

Carefree Trading Inc. (doing business as CFT, Inc.) ("Carefree") manufactures and sells cardiopulmonary resuscitation ("CPR") face masks under the registered "LIFE MASK" mark.[1] Life Corporation ("Life") sells entire emergency oxygen units that include CPR masks. On April 21, 1994, Life initiated cancellation proceedings before the Trademark Trial and Appeals Board ("Board") on the ground that there was a likelihood of confusion between the LIFE MASK mark and Life's previously used and registered marks, "LIFE CORPORATION,"[2] "LIFE COR-

---

1. Registration No. 1,781,271, issued July 13, 1993, from an application filed on November 2, 1992, which sets forth dates of first use of March 30, 1989.

2. Registration No. 1,614,750, issued September 25, 1990, from an application filed January 23, 1990, which sets forth dates of first use of April 1986.

PORATION OXYGEN PAC,"[3] and "LIFE–02."[4] In due course, following the receipt of deposition testimony and exhibits and a hearing, the Board held that there was a likelihood of confusion between Carefree's mark and Life's registered "LIFE" trade name and trademark. *Life Corp. v. Carefree Trading Corp.*, 47 USPQ2d 1151 (TTAB 1998). Accordingly, it ordered the cancellation of Carefree's mark.

Carefree appealed the Board's decision pursuant to 15 U.S.C. § 1071(b)[5] by filing a complaint in the United States District Court for the District of Arizona on August 31, 1998. In addition to challenging the Board's decision, Carefree asserted patent infringement claims against Life. Life counterclaimed for trademark infringement, antitrust violations, and unfair competition. In addition, it sought a declaratory judgment of invalidity of Carefree's asserted patent. Subsequently, however, it withdrew the trademark infringement and unfair competition claims. On February 3, 2000, the district court granted Life's motion for summary judgment affirming the decision of the Board. *Carefree Trading, Inc. v. Life Corp.*, 83 F.Supp.2d 1111, 1117 (D.Ariz.2000). Thereafter, the parties stipulated to the dismissal with prejudice of Carefree's patent infringement claims and Life's antitrust and declaratory judgment counterclaims, the remaining claims in the case. An order of dismissal was entered by the district court on March 20, 2000, and Carefree timely appealed.

On appeal, Carefree challenges the district court's grant of summary judgment by arguing that it was not permitted an opportunity for full and effective discovery. Because we agree, we *vacate* the grant of summary judgment and *remand* the case to the district court in order that Carefree may have the opportunity for further discovery.

## DISCUSSION

### I.

■ A disappointed party in a cancellation proceeding has two available avenues for appeal. The party may bring the appeal in this court under 15 U.S.C. § 1071(a), or it may opt to present additional evidence or claims and bring the action in a United States district court under 15 U.S.C. § 1071(b). 15 U.S.C. § 1071. As noted, Carefree chose the option of appealing the Board's decision in district court pursuant to 15 U.S.C. § 1071(b). Generally, the district court's § 1071(b) decision would be appealed directly to the regional circuit. 15 U.S.C. § 1121; *Williams v. Dep't of the Army*, 715 F.2d 1485, 1490, n. 5 (Fed.Cir.1983). However, Carefree added patent infringement claims to its appeal of the Board's decision. The patent claims are no longer at issue in the case, having been dismissed by the district court. Nonetheless, we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1) because jurisdiction in the district court was based in part on 28 U.S.C. § 1338. Our exclusive jurisdiction over matters arising in part under the patent laws is not defeated by the fact that the patent claims have been dismissed with prejudice. *See Zenith Elecs. Corp. v. Ex-*

---

3. Registration No. 1,654,258, issued August 20, 1991, from an application filed January 23, 1990, which sets forth dates of first use of April 1986.

4. Registration No. 1,947,117, issued January 9, 1996, from an application filed March 30, 1992, which sets forth dates of first use of May 18, 1995.

5. Statutory references are to the 1994 version of the United States Code.

*zec Inc.*, 182 F.3d 1340, 1346, 51 USPQ2d 1337, 1341–42 (Fed.Cir.1999).

## II.

Summary judgment is proper when, in viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact. *Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 842 (9th Cir.1994). In the Ninth Circuit, a district court's grant of summary judgment is reviewed de novo to determine whether the summary judgment standard has been met. *Qualls*, 22 F.3d 839, 842 (9th Cir.1994). Carefree argues that the district court erred in granting summary judgment in favor of Life because it did so before Carefree had had the opportunity for adequate discovery. In addressing this contention, it is necessary to set forth the course of proceedings in the district court.

Carefree's complaint was filed in the district court on August 31, 1998. On November 9, 1998, Life answered the complaint and filed its counterclaims. On February 1, 1999, Judge Roger G. Strand, to whom the case then was assigned, issued an order that set a discovery deadline of October 1, 1999. On March 12, 1999, Life moved for summary judgment on all of the trademark and unfair competition claims asserted by the parties in the case. Life argued that the facts relating to the issue of likelihood of confusion were undisputed and that therefore the decision of the Board should be affirmed. Life asked the court to enter judgment on its trademark infringement and unfair competition counterclaims and to enjoin Carefree from use of LIFE, LIFE MASK, and LIFE combined with another descriptive or generic term or design.

On April 26, 1999, Carefree filed its opposition to Life's motion for summary judgment. Carefree argued that summary judgment was inappropriate because there were genuine issues of material fact. Carefree also argued that it was entitled to discovery. In that regard, pursuant to Federal Rule of Civil Procedure 56(f), Carefree submitted the affidavit of its trial counsel Stephen T. Sullivan. In his affidavit, Mr. Sullivan asserted that neither party had served the other with any discovery; he also asserted that Carefree had prepared written discovery requests and that it intended to proceed with discovery promptly. Among other things, Mr. Sullivan stated that, as yet, Carefree had been unable take discovery to test Life's allegations concerning likelihood of confusion. Mr. Sullivan specified that Carefree had "been unable to fully explore third party uses of names and marks which include the word life in the relevant field and among the relevant classes of consumers." Third party uses of a mark diminish the mark's strength and restrict the amount of protection afforded to the mark's owner. *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348, 204 USPQ 808, 814 (9th Cir.1979).

Life replied to Carefree's response to its motion for summary judgment on May 21, 1999. In its reply, Life argued that the Sullivan affidavit did not comply with the requirements of Rule 56(f) because Mr. Sullivan had failed to explain how summary judgment would be precluded by the desired discovery. Life asserted that the discovery Carefree was seeking concerning third party use would not lead to evidence that would preclude summary judgment because Life was claiming very narrow trademark protection—LIFE alone or preceding a generic term for competitive/complementary products—and Life would bring legal action in response to any uses of that mark.

Carefree launched its discovery on July 6, 1999, by filing a first set of interrogatories and a first request for production of documents. On July 21, 1999, however,

Life filed a motion asking that all discovery in the case be stayed pending the outcome of (i) its March 12 motion for summary judgment relating to the trademark and unfair competition issues in the case and (ii) a motion for partial summary judgment that it had filed on May 4, 1999 relating to Carefree's patent infringement claims against it. (By this time, Carefree had filed a Rule 56(f) motion in connection with Life's motion for partial summary judgment.) Life also sought a protective order and asked the district court for expedited consideration of its motions. On July 27, the district court granted Life's request for expedited consideration of its motions and directed Carefree to file its responses to the motions by August 2. The court informed the parties that Life's motion would be deemed submitted for a decision without oral argument on August 3, 1999. Carefree filed its opposition to Life's motion to stay proceedings on August 2.

On August 25, 1999, before Judge Strand had ruled on Carefree's Rule 56(f) motions and Life's motion to stay proceedings, the case was reassigned to Judge William G. Young.[6] The order of reassignment stated that pending hearing dates in the case were vacated and that they would be reset. On September 21, 1999, Judge Young issued an order setting a status conference in the case for October 18, 1999.

At the status conference, Judge Young noted Life's two pending summary judgment motions, and he scheduled a hearing on the motions for November 18, 1999. At the same time, he set a trial date of March 6, 2000. He then asked, "Is that satisfactory?" At that point, counsel for Carefree, Mr. Sullivan, stated that he had been un-able to obtain the discovery that he needed in order to respond to Life's summary judgment motions. Judge Young responded that he was not prepared at that time to get into discovery matters. However, he told Mr. Sullivan to "make a motion for relief" and said that after Life had responded to the motion, he would issue "an appropriate order." Carefree filed a motion to compel discovery on November 2, 1999, and sought expedited consideration of Life's motion to stay discovery pending determination of the summary judgment motions. In support of its motion to compel, Carefree asserted that Life had refused to comply with discovery rules and had frustrated its efforts at discovery. In responding to the motion to compel, Life contended that Carefree had been dilatory in pursuing discovery and that it (Life) had not thwarted Carefree's attempts at discovery.

On November 18, 1999, following a hearing, the district court denied Life's motion for partial summary judgment on Carefree's then-pending patent infringement claims and took under advisement Life's motion for summary judgment on the pending trademark claims. The court also denied Life's pending motion to stay discovery proceedings. Thereafter, on December 6, 1999, the court granted Carefree's motion to compel and directed that the particular discovery be furnished within 30 days.

On January 28, 2000, the district court granted summary judgment in favor of Life on the trademark claims, thereby affirming the decision of the Board canceling Carefree's "LIFE MASK" mark. Carefree moved for reconsideration of the district court's order on February 4, 2000.

---

6. Of the United States District Court for the District of Massachusetts, sitting by designa-tion.

In support of its motion, Carefree argued that the deposition testimony of Robert C. Rakers, which was obtained after its motion to compel was granted, supported its arguments on the issue of likelihood of · confusion. Carefree stated: "This new testimony underscores the total absence of any 'substantial evidence' supporting the [Board] opinion and, at the very least, casts more than sufficient doubt upon that opinion as to warrant the denial of the motion." Carefree also argued that the Rakers testimony demonstrated the need for further discovery. On February 8, the court denied Carefree's request for reconsideration.

### III.

Carefree states that, when the district court ruled on Life's motion for summary judgment on January 28, Carefree had only just received Life's responses to the interrogatories and the request for production of documents that it had served in July before Life moved to stay proceedings. According to Carefree, this meant that it did not have the opportunity to file a second motion to compel addressing the alleged failure of Life to adequately respond to those discovery requests. Carefree also asserts that, when summary judgment was granted, it had not had the opportunity to depose witnesses identified by Life in the discovery responses that it served after the district court denied its motion to stay proceedings.

Although it does not challenge Carefree's recitation of what occurred in the case after the district court denied the motion to stay proceedings, Life argues that there is no reason to disturb the decision of the district court and to grant Carefree further discovery. Life contends that Carefree had ample opportunity for discovery and no additional discovery would preclude summary judgment. It as-

serts that Carefree had eight months to conduct discovery before the Board. It also asserts that Carefree did not diligently pursue discovery before the district court. In the unique circumstances of this case, we conclude that Carefree is entitled to the opportunity for further discovery.

At the end of oral argument on the motions for summary judgment on November 18, the following colloquy took place:

MR. SULLIVAN: Your Honor, there's one other issue, a motion that I think weighs heavily on this case.

THE COURT: What's that?

MR. SULLIVAN: And that is the, the cross-motions, one by the defendant to stay discovery which they've unilaterally done without benefit of -

THE COURT: No, denied. Discovery can commence.

Thus, what the record reveals is the district court simultaneously (i) denying Life's motion for partial summary judgment on Carefree's patent infringement claims; (ii) stating that it was taking under advisement Life's motion for summary judgment on the trademark issues; (iii) denying Life's motion to suspend discovery and granting Carefree's motion to compel, which concerned discovery relating to both the trademark and patent issues in the case; and (iv) thereafter permitting discovery to proceed without objection on the trademark issues. We thus believe that the district court concluded that all discovery was to go forward. While a district court can of course establish a reasonable discovery cut-off, here the district court apparently never established a date for the completion of discovery.

■ Under these circumstances, and in view of the fact that discovery was at a standstill from the end of July until the grant of Carefree's motion to compel and the denial of Life's motion to stay proceed-

ings in November, we conclude that Carefree should have been allowed the opportunity to complete discovery and supplement its response to Life's motion for summary judgment if, after the completion of discovery, it desired to do so. The purpose of a trial de novo under 15 U.S.C. § 1071(b) is to allow the parties "to introduce additional evidence relevant to the issues raised before the Board." *Wells Fargo v. Stagecoach Properties, Inc.*, 685 F.2d 302, 306, 216 USPQ 480, 483 (9th Cir.1982). Entry of summary judgment prior to giving Carefree the full opportunity to develop its case precluded Carefree from obtaining the kind of evidence that the appeal is designed to permit.

Our decision today should not be read as a criticism of the district court. From the time this case was assigned to him, Judge Young conscientiously worked to point the litigation towards an expeditious resolution, and he entered the case after neither party had been as cooperative as it should have been in discovery. At the hearing on November 18th, without assigning blame to either side, he stated: "I really expect a little more cooperation as to discovery in the case. There's a lot of complaints here, but now I expect everyone to buckle down and get ready for trial." The problem is that, because of the way events had unfolded prior to Judge Young's involvement in the case, there was not enough time between November 18, 1999 and January 28, 2000, for completion of the discovery to which Carefree was entitled.

During the proceedings on remand, Carefree will be required to (i) specify precisely what discovery it requires; and (ii) promptly complete that discovery. It is expected that the parties will cooperate so that discovery is promptly completed. Of course, when discovery is completed, the district court may entertain anew summary judgment motions.

For the foregoing reasons, the district court's grant of summary judgment in favor of Life is *vacated.* The case is *remanded* to the district court for further proceedings consistent with this opinion.

Each party shall bear its own costs.